**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN PEREZ-IXTA,

    Defendant - Appellant.

No. 19-1363
(D.C. No. 1:18-CR-00159-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **McHUGH**, and **EID**, Circuit Judges.
_____

Juan Perez-Ixta pleaded guilty to illegal reentry subsequent to an aggravated felony conviction. He was sentenced to serve 70 months in prison. Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

---

* This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. Perez-Ixta's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. In response to the government's motion, Mr. Perez-Ixta, through counsel, concedes his appeal waiver is enforceable under the standard set forth in *Hahn*.

Based on this concession and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Perez-Ixta's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam